**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone:  (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiffs
MS & SONS HOSPITALITY,
LLC, MUKESH K. PATEL,
BHAVIN PATEL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MS & SONS HOSPITALITY, LLC; MUKESH K. PATEL; BHAVIN PATEL, <br><br> Plaintiffs, <br><br> v <br><br> G6 HOSPITALITY LLC; AND DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **[VIOLATION OF 42 U.S.C. SECTION 1982]** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs MS & SONS HOSPITALITY, LLC, MUKESH K. PATEL, BHAVIN PATEL (collectively "Plaintiffs," or individually "MS," "MP," "BP") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 42 U.S.C. Section 1982. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1982.

## PARTIES

2. Plaintiffs are residents of Riverside County, California. Plaintiff MS is a a limited liability company duly formed under the laws of the State of California with a principal office in Thousand Palms, CA.

3. Plaintiffs allege that the Defendant G6 HOSPITALITY LLC ("G6") was at all times a limited liability company whose principal office is at 4001 International Parkway, Carrollton, Texas 75007 is authorized to do business in California.

4 The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 100, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown

to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## **FACTS COMMON TO ALL CLAIMS**

1. Plaintiff MP is the father of BP.

2. Plaintiffs are the owners and operators of a motel commonly known as the Motel 6 located at 72215 Varner Road, Thousand Palms, CA 92276 ("Motel").

3. Plaintiff MP is the principal of MS which holds legal title to the Motel.

4. Plaintiffs are Asian-Indian and comprise the full board of directors and officers of MS. Plaintiff MP is the sole owner and stockholder of MS.

5. On or about June 2, 2021, Plaintiffs entered into a Franchise Agreement for the Motel with G6, which was amended June 2, 2021 by MS and G6 to operate the Motel as a Motel 6 ("Franchise Agreement").

6. According to the Franchise Agreement, Plaintiffs were to pay a percentage Of the gross revenue to G6, and G6 agreed to provide reservations for MS.

7. With the onset of the COVID 19 pandemic in early 2020, G6 failed to provide the agreed upon reservations to MS, instead sending available reservations Plaintiffs' competitors in the local area.

8. As a result of this, Plaintiffs lost a substantial amount of business.

9. On or about February 1, 2023, G6 pretextually and falsely claimed that Plaintiffs were in default of the Franchise Agreement, falsely claiming that Plaintiffs were not keeping accurate books and making false statements and misrepresentations to G6, grounds which G6 falsely claimed were grounds for termination of the Franchise Agreement.

3

10. The claims by G6 against Plaintiffs were wholly false and was done as a pretext to terminate the Franchise Agreement and, for purposes also of benefiting Plaintiffs competitors in the area.

11. In doing so, G6 entered the Motel on multiple occasions into private areas of the Motel without prior notice, right, or consent of the Plaintiffs, and further demanded that Plaintiffs provide business documents that were protected under the privacy protections of the California Constitution and California law.

12. Plaintiffs strongly objected to G6's false and pretextual claims of their default of the Franchise Agreement and the unreasonable and unfounded demands and non-consensual and unwarranted inspections of the Motel.

13. On May 24, 2023, G6 sent a letter informing Plaintiffs that the Franchise Agreement was terminated, claiming a breach of the Franchise Agreement by Plaintiffs. despite the fact that it was G6, not Plaintiffs that breached the Franchise Agreement.

14. In taking the actions set forth above in paragraphs 1-13 above, G6 was applying a unwritten policy, custom, and practice, that it has applied not only against Plaintiffs but also other similar Asian-Indian motel owner and operator Motel 6 franchisees throughout the United States in which said motel owners and operators, including Plaintiffs, are treated differentially and falsely claimed to have breached similar Motel 6 Franchise Agreements.

Based, on the foregoing, Plaintiffs allege the following claims for relief.

## FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1982 Against All Defendants)**

15. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-14 above.

4

16   The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C. Section 1982, by discriminating against Plaintiffs on the basis of their race and national origin in the application of the Franchise Agreement in the operation of the Motel, rights protected under 42 U.S.C. Section 1982.

17.   As a proximate result of the foregoing actions of the Defendants , and each of them, Plaintiffs have been injured and suffered economic  and non-economic damages according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled to appropriate equitable and injunctive relief their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

### (Breach of Contract By All Plaintiffs Against All Defendants)

18.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-17 above.

19.   The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C.  Section 1982, as stated in the First Claim for Relief, and further constitutes a breach of the Franchise Agreement by the Defendants, and each of them.

20.   As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs have been injured and suffered damages according to proof at trial but not less than $10,000,000.00 against each defendant. Plaintiffs are also entitled

to appropriate equitable and injunctive relief, their reasonable attorney's fees under the Franchise Agreement.

## THIRD CLAIM OF RELIEF

### (Violation of UCL by All Plaintiffs Against All Defendants)

21.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-20 above.

22.   The actions of the Defendants, and each of them, constitutes a violation of Plaintiffs federal civil rights, actionable under 42 U.S.C.  Section 1982, as stated in the First Claim for Relief, and further constitutes an unfair and unlawful business practice, actionable under California Business & Professions Code Section 17200, et seq. ("UCL").

23.    As a proximate result of the foregoing actions of the Defendants, and each of them, Plaintiffs are entitled to restitution and equitable relief, according to proof at trial, including temporary and permanent injunctive relief against the Defendants implementing the falsely claimed termination of the Franchise Agreement. Plaintiffs are also entitled their reasonable attorney's fees under the UCL.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1.   For damages according to proof at trial but

believed to be not less than $10,000,000.00;

2. For equitable and injunctive relief damages according to proof at trial;

3. For attorney's fees;

## SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial but believed to be not less than $10,000,000.00;

5. For attorney's fees;

## THIRD CLAIM FOR RELIEF

6. For restitution;

7. For equitable and injunctive relief damages according to proof at trial;

8. For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

9. For costs of suit;

10. For such other and further relief as the Court deems proper.

Dated: June 15, 2023          LAW OFFICES OF FRANK A. WEISER


                              By: /s/ Frank A. Weiser
                              _____
                              FRANK A. WEISER, Attorney for
                              for Plaintiffs MS & SONS
                              HOSPITALITY, MUKESH K.
                              PATEL, BHAVIN PATEL

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: June 15, 2023          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs MS & SONS
HOSPITALITY, MUKESH K.
PATEL, BHAVIN PATEL