JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-1227 JGB (MRWx)** | Date | December 12, 2023 |
|---|---|---|---|
| Title | ***MS and Sons Hospitality LLC, et al. v. G6 Hospitality LLC*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   Order (1) DISMISSING Plaintiffs' Complaint for Failure to Prosecute; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

  On June 23, 2023, Plaintiffs MS & Sons Hospitality, LLC, Mukesh K. Patel, and Bhavin Patel (collectively, "Plaintiffs") filed a complaint against Defendant G6 Hospitality LLC ("Defendant") and Does 1 through 10, inclusive. ("Complaint," Dkt. No. 1.) On December 1, 2023, the Court ordered Plaintiffs to show in cause in writing by December 11, 2023 why the action should not be dismissed for lack of prosecution. ("OSC," Dkt. No. 8.) As the Court noted in its OSC, proof of service has not been filed within the required time period. (See id.) As of December 12, 2023, Plaintiffs have not filed proof of service, responded to the Court's OSC, or continued to prosecute their case.

  Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiffs have failed to respond to the Court's OSC by the deadline imposed by the Court. The Court finds that Plaintiffs have failed to prosecute this case with reasonable diligence and that dismissal is therefore appropriate.

  Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

      The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  Additional delay will also prejudice Defendant, forcing it to spend needless resources on contesting this matter; in fact, Plaintiffs have already unreasonably delayed this action without explanation.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic: Plaintiffs have yet to pursue this case in any meaningful way since the filing of the Complaint and are unlikely to do so in the future.

      Accordingly, the Court DISMISSES Plaintiffs' action for failure to prosecute and DIRECTS the Clerk to close the case.

      **IT IS SO ORDERED.**